IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

IN RE:

JOSEPH E. LAWRENCE                                CASE NO: 08-32485-DHW-13

       DEBTOR(S).

ORDER CONDITIONALLY DENYING RELIEF FROM THE AUTOMATIC STAY

     This matter was set for a final hearing on May 11, 2009, upon the Motion for Relief from the Automatic Stay of Branch Banking and Trust Company, by Mortgage Electronic Registration Systems, Inc., Its Nominee (hereinafter "BB&T"), seeking relief from the automatic stay imposed by 11 U.S.C. §362(a) as it relates to the enforcement of the lien against property described in Exhibit "A" of the Motion for Relief filed with the Court on April 28, 2009. Based upon the pleadings and affidavit, and consent of the all parties and the Trustee, it is hereby

     **ORDERED, ADJUDGED AND DECREED** the motion is denied conditionally.

     **IT IS FURTHER ORDERED,** Debtor(s) shall pay BB&T all post-petition payments (consisting of the December 2008 through April 2009 payment at $674.51 each and May 2009 payment at $696.75 each), and attorney's fees of $650.00 and costs of $150.00, which totals $4,869.30.

     **IT IS FURTHER ORDERED,** Debtor(s) post-petition arrearage of $4,869.30 shall be placed in Debtor(s) Chapter 13 plan, and Debtor(s)payments to the Chapter 13 Trustee shall be $328.00 bi-weekly. BB&T may file an additional claim to be paid at a rate of $97.00 a month. The specified monthly payment for the creditor's pre-petition claim shall also be increased to $97.00 per month to maintain feasibility of the debtor's plan.

     **IT IS FURTHER ORDERED,** should BB&T fail to receive any regular monthly payments from Debtor(s) (beginning June, 2009) within the calendar month such payment comes due, and after a twenty (20) day written notice of default to Debtor(s) and Debtor(s) attorney, the stay provided under 11 U.S.C. Section 362 and 11 U.S.C. Section 1301 is terminated automatically without further order of this Court, as it relates to the enforcement of the lien regarding the aforementioned property, and BB&T, its successor and assigns, shall be free to enforce any and all of its respective rights, title and interest in and to the aforementioned property, including, but not limited to foreclosure, in accordance with the provisions of the note and mortgage and the laws of the State of Alabama. This Order shall not be stayed pursuant to Fed.R.Bankr.P. 4001 (a)(3). The provisions of this Order shall continue to remain in force and effect upon the conversion of this case to any other Chapter of the Bankruptcy Code.

     **IT IS FURTHER ORDERED,** Moving Party and/or its successors and assigns may, at its option, offer, provide and enter into a potential forbearance agreement, loan modification, refinance agreement or other loan workout/loss mitigation agreement. Final agreements are subject to Court approval. The Moving Party may contact the Debtor(s) via telephone or written

correspondence to offer such an agreement. Any such agreement shall be non-recourse, unless included in a reaffirmation agreement in a Chapter 7 case.

**IT IS SO ORDERED** this the 20 day of May, 2009.

/s/ Dwight H. Williams, Jr.
U.S. Bankruptcy Judge

This Order prepared by
Erin Stark Brown, Esq.
**McCalla Raymer, LLC**
105 Tallapoosa Street, Suite 109
Montgomery, Alabama 36104
(334) 420-5665